IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Marvin Edward Patrick,<br><br>          Petitioner,<br><br>vs.<br><br>Warden of Federal Correctional Institution ("FCI") Estill,<br><br>          Respondent. | Civil Action No. 0:15-3507-CWH<br><br>**ORDER** |

On September 29, 2015,[1] the petitioner, Marvin Edward Patrick (the "petitioner"), proceeding pro se, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (Am. Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 8). The petitioner challenges his mandatory life sentence imposed pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 and alleges that certain prior state convictions used to enhance his federal sentence no longer qualify for purposes of sentence enhancement under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[3]

As this matter invokes 28 U.S.C. § 2241, it was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a report and recommendation ("R&R") in

---

[1] The petitioner has the benefit of Houston v. Lack, 487 U.S. 266, 268 (1988), which states that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court.

[2] The petitioner's petition for writ of habeas corpus filed on August 27, 2015 (ECF No. 1) has been appended to the amended petition (ECF No. 8) as an attachment (ECF No. 8-2). The petitioner originally styled this action as a request under Federal Rule of Civil Procedure 60(b)(6) to reopen a § 2241 proceeding. However, this is the first case filed by the petitioner in this Court.

[3] As the magistrate judge recommended, Johnson v. United States, 135 S. Ct. 2551 (2015), is not applicable to the instant case because the petitioner does not allege a sentence enhancement pursuant to the Armed Career Criminal Act. (See R&R 1, n.2, ECF No. 15).



accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). On December 1, 2015, Magistrate Judge Gossett issued an R&R and, relying on United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), recommended to this Court that the petitioner's amended petition be dismissed without prejudice. (R&R 6-7). The petitioner timely filed objections to the R&R on December 15, 2015. (ECF No. 17).

This matter is now before the Court for disposition. However, because the Fourth Circuit Court of Appeals granted a rehearing en banc in Surratt on December 2, 2015, the Court, out of an abundance of caution, declines to rule on this matter at this time. The Court will therefore hold the petitioner's amended petition under § 2241 in abeyance until such time as a final order is issued by the Fourth Circuit Court of Appeals in Surratt.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

March 10, 2016
Charleston, South Carolina

