# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Marvin Edward Patrick, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:15-3507-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Warden of Federal Correctional Institution ("FCI") Estill, | ) | |
| | ) | |
| Respondent. | ) | |

On September 29, 2015,[1] the petitioner, Marvin Edward Patrick (the "petitioner"), proceeding pro se, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (Am. Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 8). The petitioner challenges his mandatory life sentence imposed pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, alleging that certain prior state convictions used to enhance his federal sentence no longer qualify for purposes of sentence enhancement under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).[3]

As this matter invokes 28 U.S.C. § 2241, it was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a report and recommendation ("R&R") in

---

[1] The petitioner has the benefit of Houston v. Lack, 487 U.S. 266, 268 (1988), which states that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court.

[2] The petitioner's petition for writ of habeas corpus filed on August 27, 2015 (ECF No. 1) has been appended to the amended petition (ECF No. 8) as an attachment (ECF No. 8-2). The petitioner originally styled this action as a request under Federal Rule of Civil Procedure 60(b)(6) to reopen a § 2241 proceeding. However, this is the first case filed by the petitioner in this Court.

[3] As the magistrate judge recommended, Johnson v. United States, 135 S. Ct. 2551 (2015), is not applicable to the instant case because the petitioner does not allege a sentence enhancement pursuant to the Armed Career Criminal Act. (See R&R 1 n.2, ECF No. 15).



accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). On December 1, 2015, Magistrate Judge Gossett issued an R&R and, relying on United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), recommended to this Court that the petitioner's amended petition be dismissed without prejudice. (R&R 6-7). The petitioner timely filed objections to the R&R on December 15, 2015. (ECF No. 17).

Thereafter, the matter came before the Court for disposition. Because the Fourth Circuit Court of Appeals granted a rehearing en banc in Surratt on December 2, 2015, the Court, out of an abundance of caution, declined to rule on this matter, holding the petitioner's amended petition under § 2241 in abeyance until the Fourth Circuit issued a final order in Surratt. However, on January 19, 2017, before the Fourth Circuit issued a final order, President Barack Obama granted Raymond Roger Surratt, Jr. ("Mr. Surratt") a commutation of his life imprisonment sentence. Thereafter, on April 21, 2017, the Fourth Circuit dismissed Mr. Surratt's appeal as moot. United States v. Surratt, 855 F.3d 218, 219 (4th Cir. 2017).

As stated above, the R&R is pending before the Court. In light of the government's position in Surratt v. United States, 797 F.3d 240 (4th Cir. 2015), vacated as moot, United States v. Surratt, 855 F.3d 218 (4th Cir. 2017), and Surratt v. United States, Nos. 3:12-CV-513, 3:04-CR-250-19, 2014 WL 2013328 (W.D.N.C. May 16, 2014), concerning § 2241 petitions, this action is remanded to the Magistrate Judge with directions to require the respondent to file a response to the petition.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

June 8, 2017
Charleston, South Carolina